## McCoy v. HEDDEN, Collector.

### (Circuit Court, S. D. New York. February 21, 1889.)

1. CUSTOMS DUTIES—STATUTES—CONSTRUCTION.
  Words in a tariff act are to be generally interpreted according to their meaning in the trade and commerce of the country at the time of the passage of the act.
2. SAME—WHAT DUTIABLE.
  Curry-combs, made of wood and iron, are not dutiable under a provision in the tariff act for "combs of all kinds," if at the time of the passage of the act they were not known in trade among merchants as "combs."
3. SAME—STATUTES—CONSTRUCTION.
  Where a clause in a tariff act is ambiguous, and no light for its interpretation can be derived from provisions of prior statutes relating to the same subject, that construction must be adopted which is most favorable to the importer.
4. SAME.
  The word "saddlery," in the provision in Schedule N of the tariff act of March 3, 1883, for "coach and harness furniture of all kinds, saddlery, coach, and harness hardware," etc., is to be taken as a noun, and not as an adjective qualifying "hardware."

At Law.

This was an action to recover duties alleged to have been exacted in excess of the lawful rate on certain curry-combs imported by plaintiff. The collector had classified them as "manufactures composed in part of iron, not specially enumerated or provided for," under the provision

therefor in Schedule C of the tariff act of March 3, 1883, and assessed them for duty at 45 per centum *ad valorem*. The importer claimed that they were dutiable either at 30 per cent., under the provision of Schedule N of the same act for "combs of all kinds," or at 35 per cent., under the provision in the same act and schedule for "coach and harness furniture of all kinds, saddlery, coach, and harness hardware." Conflicting evidence was given as to the meaning of all of these terms in trade and commerce at and immediately prior to March 3, 1883.

*Hartley & Coleman*, for plaintiff.

*Stephen A. Walker*, U. S. Atty., and *W. Wickham Smith*, Asst. U. S. Atty.

LACOMBE, J., (*charging jury.*) We probably all supposed that we knew what a comb was until we heard the evidence in this case. It is in the light of that evidence, however, that the question must be decided by you. These tariff acts laying duties upon imports are concerned with the trade and commerce of the country. They are emphatically commercial acts, and are intended to lay down rules by which importers and dealers, persons engaged in trade and commerce in this country, are to regulate their business. In using words in these acts, therefore, congress uses them after an examination into the conditions of trade, and with a full knowledge and appreciation of what those words mean in the trade of this country. In interpreting, therefore, these tariff acts, we are to do so in the same light in which congress passes them, and for that reason, save in a few exceptional cases, (and this is not one of them,) it is proper to allow testimony to be introduced, and it is proper that the jury should consider such testimony, touching the trade meaning of the words which we find in the tariff acts. The plaintiff here contends, in the first place, that he should have been charged duty upon this importation only at the rate laid by the tariff act upon "combs of all kinds." The ordinary implement which we use every morning, made of India-rubber, or horn, or bone, with teeth an inch and an eighth long, and use to disentangle and part the hair, we all understood to be a comb, and the witnesses called to the stand have testified that as such is it known in trade and commerce. The article of adornment, also, which women wear when they have gathered their hair up into a roll, fastening it by the insertion of an article of ivory, or tortoise shell, or celluloid, or what not, we also understood to be a comb, and the witnesses here testified that in trade and commerce it also is known as such. Now, then, it is for you to determine whether, besides these two kinds of articles, which beyond all dispute are combs, there was, when this tariff act was passed, any other class of articles which was known in the trade and commerce of this country as "combs." If there was such other class, and this particular article of importation was included in it, then your verdict must be for the plaintiff for the amount of the difference between the duty on combs and the duty collected. Should you, however, reach the conclusion that there was not at that time any other class or kind of articles recognized as "combs" in the trade and commerce of this country, and including this

article, then you are to inquire whether such article is contained within the enumeration to which, also, the plaintiff appeals.. That enumeration is "coach and harness furniture of all kinds, saddlery, coach, and harness hardware, silver plated, brass, brass plated or covered, common tinned, burnished, or japanned, not otherwise provided for." The word "saddlery" in that paragraph is ambiguous. Whether it is there as an adjective qualifying the word hardware, or whether it is there as a noun, describing the articles which are properly included in the term "saddlery," is uncertain from the phraseology of the paragraph itself, and the uncertainty is not solved by any light which I am able to gather from other clauses in the tariff act. That being so, under the familiar principle of law that the property of the citizen shall not be taken on ambiguous and doubtful construction, I charge you that the word is to be taken as a noun, and that the enumeration is to read, "coach and harness furniture of all kinds, saddlery, coach hardware, and harness hardware." If, then, you reach the conclusion that the article imported is not a comb, you are to inquire whether it is included in the word "saddlery," as that word was used in the trade and commerce of this country at the time this act was passed. If, from the evidence, you find that it was an article of saddlery, as that word was used, then your verdict will be for the plaintiff, covering the difference between that rate and the rate which was charged.

I have received from the plaintiff several requests to charge, of which the fifth is as follows:

"A commercial designation of combs as excluding curry-combs in trades in which curry-combs are not dealt in, does not disprove the commercial designation of curry-combs as included among combs in the trades in which curry-combs are dealt in, if such designation be found to exist."

I will not charge the request in those words. You are, however, to determine as to each kind of comb. If there were a dozen different kinds of combs, and there is no one class of business that dealt in all the kinds used, if each class of business knew the articles in which it dealt as combs, then congress, which is suppposed to know the secrets of all trades and businesses, is charged with the knowledge that they were commercially known as combs at that time; and it is with that understanding that you are to interpret. Except as qualified, I refuse that request.

**Verdict for defendant.**